## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SPRING HILL,

     Plaintiff,

vs.                           Case No.

PROVIDENT ASSET MANAGEMENT,       Hon. _____

     a Michigan Limited Liability Company,

        Defendant.

_____/

Francyne Stacey (P33225)
STACEY LAW PRACTICE, PLLC
455 E. Eisenhower Pkwy, Suite 300
Ann Arbor, MI 48108
(734) 821-8088
francyne@staceylawpractice.com
_____/

### PLAINTIFF'S COMPLAINT and JURY DEMAND

     NOW COMES Plaintiff, Spring Hill, by and through her attorney, Francyne Stacey, Stacey Law Practice, PLLC., and for her Complaint states as follows:

### I.     GENERAL ALLEGATIONS

1.     Plaintiff, Spring Hill ("Hill") is a disabled individual who resides in Washtenaw County, Michigan.

2.      Defendant, Provident Asset Management ("Provident") is a Michigan Limited Liability Company located and doing business in Washtenaw County, Michigan.

3.      Defendant owns and operates a two-unit apartment building at 708 Maus Avenue, Ypsilanti, Michigan 48198.

4.      This cause of action arises under the Fair Housing Amendments Act of 1988 ("FHAA), 42 U.S.C. 3601 et seq.

5.      The FHAA prohibits discrimination based on handicap or disability in all types of housing transactions. 42 U.S.C. §3604.

6.      The FHAA specifically prohibits discrimination in the sale or rental of housing because of a handicap of the buyer or renter.

7.      The FHAA specifically prohibits discrimination against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person.

8.      The FHAA requires a landlord to make reasonable accommodations when such accommodations may be necessary to afford a handicapped individual equal opportunity to use and enjoy a dwelling.

9.       This cause of action also arises under the Michigan Persons With Disabilities Civil Rights Act (PDCRA"), M.C.L.A. 37.1101 et seq., which states in relevant part:

>    (1) The opportunity to obtain…housing, and other real estate and full and equal utilization of public accommodations, public services, and educational

facilities without discrimination because of a disability is guaranteed by this act and is a civil right.

(2) Except as otherwise provided in Article 2, a person shall accommodate a person with a disability for purposes of…housing unless the person demonstrates that the accommodation would impose an undue hardship. M.C.L.A. 37.1502

10.    This Court has jurisdiction pursuant to the FHAA, 42 U.S.C. 3613 and as a federal question under 28 U.S.C. 1331.

11.    This Court has supplemental jurisdiction of Plaintiff's PWDCRA claim.

12.    Plaintiffs' Complaint is timely filed.

13.    Venue is appropriate in this Court because Defendant does business in Washtenaw County, Michigan.

## II.    FACTUAL ALLEGATIONS

14.    The FHAA defines persons with a disability to mean those individuals with mental or physical impairments that substantially limit one or more major life activities.

15.    Under the FHAA, the term major life activity may include seeing, hearing, walking, breathing, performing manual tasks, caring for oneself, learning, speaking, or working.

16.    Plaintiff is an individual with a handicap/disability.

17.    Plaintiff uses a walker to get around both inside and outside of her home.

18.    The Maus Street address where Plaintiff lived is divided into two apartments with parking in front of the apartments next to a narrow cement sidewalk or behind the building.

19.    The parking area behind the building is unpaved and covered with gravel.

20.    Plaintiff parked in front of her apartment until June 2023 when new tenants moved into the other apartment in the building.

21.    The new tenants wanted to park in front of their apartment and insisted that there was a provision in their lease that allowed them to do that.  They refused to let Plaintiff park her car in front of her apartment as that would have blocked them in.

22.    Plaintiff then complained to Defendant and asked for a reasonable accommodation, i.e., allow her to continue parking in the paved area in front of her apartment, but Defendant refused.

23.    In June 2023, Plaintiff contacted the Fair Housing Center of Southeast & Mid Michigan ("FHC") to try and resolve the parking issue.

24.    By the time Plaintiff contacted the FHC she had already fallen in the parking area behind the building and was being harassed by the other tenants if she even attempted to park in front of her apartment.

25.    The FHC, on Plaintiff's behalf, also made numerous requests for a reasonable accommodation to Defendant, all to no avail.

26.     In response to FHC's initial request, Defendant's counsel sent the following

email to FHC in August 2023:

> Our office represents Provident Asset Management. I understand that Ms. Hill is requesting
> that her landlord move the neighboring tenants' allocated parking to the front parking lot
> and allow her to park directly in front of her door, or that her landlord modify the existing
> parking surface in the place she has been assigned. It is my understanding that her claim is
> she has difficulty navigating the gravel surface due to her disability.
>
> Unfortunately, our client is unable to provide such an accommodation and/or modification.
> This is not a scenario where the parking is first-come, first-served; rather, the parking is
> tied to each unit. It would be unreasonable for Provident to unilaterally take away the
> neighbors' assigned parking, and Provident cannot take away the neighbors' parking
> without their consent. Where a requested accommodation would require the breach of an
> agreement with a third party, the accommodation is unreasonable. Additionally, allowing
> Ms. Hill to park in front of her unit would restrict the neighbors' access to their own unit.
> If Ms. Hill and the neighbors were to come to some sort of agreement to switch parking,
> Provident would respect that agreement.
>
> Provident has explored paving the surface where Ms. Hill parks. At this time, paving the
> surface or adding pavement would be too expensive for the owner. An accommodation is
> not reasonable where it would impose an undue financial burden on the landlord. Ms. Hill
> does, however, have the option to pay for her requested modification.
>
> If Ms. Hill cannot or does not wish to continue her tenancy, Provident is willing to let Ms.
> Hill out of her lease without any termination fees or rent charged beyond the moveout
> month. Please let me know if a lease break would be acceptable to Ms. Hill.

27.     Plaintiff was never informed that there was assigned parking and, despite

numerous requests, has never seen a copy of the lease that purports to assign parking

spaces.

28.     The FHC continued to attempt to resolve this matter.

29.     On October 5, 2023, FHC sent the following email to Defendant's counsel:

Can you produce the documentation that specifies that the parking spot that will guarantee Ms. Hill the safest and most direct entry to her unit is guaranteed to her neighbor in their lease? I just spoke with my client and she has no recollection of any documentation that specifies where she needs to park. When she moved in, she understood the parking to be on a first-come first serve basis.

If this issue cannot be resolved based on your unreasonableness conclusion due to the need for a breach of contract, I can provide additional information about federal v. state laws in fair housing cases.

30.    On Oct 19, 2023, Defendant's counsel emailed "The owner is willing to install a ramp if that will help Ms. Hill.  They will also look into putting down a pad to make the gravel less of an issue.  Please let us know if that will resolve this."

31.    On October 23, 2023, FHC responded and reiterated its initial accommodation request:

I spoke with Ms. Hill and while we are grateful for any movement on a solution, she would prefer her original ask of the direct parking spot to her front door. Because of how easy that parking spot would make transporting her groceries, she would prefer that outcome. Please let me know if this can be accommodated, as Ms. Hill would like a resolution prior to the first snowstorm.

32.    Defendant did not respond to the October 23, 2022 email.

33.    On November 8, 2022, FHC wrote to Defendant again:

It has been over 3 months since the initial request for reasonable accommodation. Please respond to my last request for the parking spot Ms. Hill initially asked for by Friday, November 10th. We are hopeful that this can be resolved without the need for further legal action, but as the weather changes, this issue will soon become very dangerous for Ms. Hill.

34.    On December 5, 2022, FHC sent Defendant a letter in which it once again requested   a   reasonable   accommodation   for   Plaintiff.   Included   with   that

correspondence was a letter outlining Defendant's legal obligations under the FHAA.

35.   Plaintiff continued to try and resolve this matter, but Defendant remained unwilling to make the reasonable accommodation Plaintiff requested.

36.   Plaintiff's lease ended on April 30, 2024 and she decided not to renew it.

## COUNT 1 – VIOLATION OF THE FHAA

37.   Plaintiff incorporates by reference paragraphs 1-36 above.

38.   At all material times, Defendant was a "person" covered by and responsible for complying with the FHAA (42 USC 3602(d)).

39.   Plaintiff is an individual with a handicap as defined in the FHAA.  42 USC 3602(h).

40.   Section 1604(f) of the FHAA prohibits a person covered by the Act from discriminating against a renter because of that person's handicap or disability.

41.   In addition, the FHAA requires a covered "person" to make reasonable accommodations in its rules, policies, practices and services when such accommodations may be necessary to afford the handicapped or disabled individual equal opportunity to use and enjoy a dwelling.

42.     Defendant violated the FHAA when it refused to provide Plaintiff with a designated parking space in front of her apartment.

43.     As a direct and proximate result of the discriminatory actions by Defendant's owners, agents, representatives, or employees, the minor child suffered economic and non-economic injuries.

## COUNT II – VIOLATION OF THE PWDCRA

44.     Plaintiff incorporates by reference paragraphs 1-43 above.

45.     Defendant is a person as defined in the PWDCRA (M.C.L.A. 37.1103 (g)).

46.     Defendant violated the PWDCRA when it refused to provide Plaintiff with a designated parking space in front of her apartment.

47.     As a consequence of Defendant's conduct, Plaintiff has suffered economic and non-economic damages.

        WHEREFORE, Plaintiff requests the following relief:

1.      Entry of a declaratory judgment stating that Defendant's actions against Plaintiff are discriminatory under the FHHA and the PWDCRA.

2.      Preliminarily and permanently enjoin Defendant from further discrimination based on handicap or disability.

3.      Order Defendant to undergo fair housing training, monitoring, and reporting.

4.      Award Plaintiff her actual and compensatory damages for economic and non-economic injuries.

5.      Award Plaintiff punitive or exemplary damages because of Defendant's intentional, deliberate, overt, willful, and flagrant discriminatory conduct.

6.      Award Plaintiff attorney fees, costs, and pre and post-judgment interest incurred in bringing this action.

7.      Grant such other relief to Plaintiff as the Court finds just and appropriate under the circumstances.

                                        Respectfully submitted,

Dated:    June 8, 2024              BY:   /s/Francyne B. Stacey
                                          Francyne Stacey

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SPRING HILL,

      Plaintiff,

    vs.                        Case No.

PROVIDENT ASSET MANAGEMENT,        Hon. _____

    a Michigan Limited Liability Company,

      Defendant.
_____/

Francyne Stacey (P33225)
STACEY LAW PRACTICE, PLLC
455 E. Eisenhower Pkwy, Suite 300
Ann Arbor, MI 48108
(734) 821-8088
francyne@staceylawpractice.com
_____/

**PLAINTIFFS' JURY DEMAND**

    Plaintiff demands a trial by jury.

                  Respectfully submitted,

Dated:   June 8, 2024      BY:  /s/Francyne B. Stacey
                            Francyne Stacey