UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Spring Hill,

          Plaintiff,        Case No. 24-11500

v.                               Judith E. Levy
                                United States District Judge
Provident Asset Management
LLC,                            Mag. Judge Elizabeth A. Stafford

          Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT [9]**

On June 8, 2024, Plaintiff Spring Hill filed suit against Provident Asset Management, LLC, alleging violations of the Fair Housing Act[1] and Michigan's Persons With Disabilities Civil Rights Act. (ECF No. 1.) Plaintiff alleges that Defendant "refused to provide Plaintiff with a designated parking space in front of her apartment," despite her disability. (*Id.* at PageID.3, 7–8.)

---

[1] In the complaint, Plaintiff refers to this law as the Fair Housing Amendments Act. (ECF No. 1, PageID.2.)

Before the Court is Plaintiff's motion for entry of default judgment. (ECF No. 9.) For the reasons set forth below, Plaintiff's motion is denied without prejudice.

## I. Service of Process

Entry of default judgment cannot be granted because Plaintiff has not demonstrated that Defendant was properly served. "In order to render a valid judgment, a court must have jurisdiction over the subject matter and the parties, and must act in a manner consistent with due process." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. Therefore, if service was not proper, the court must set aside an entry of default." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2004).

Plaintiff states that "Defendant was served with the Summons and Complaint by certified mail on June 17, 2024 as evidenced by the Proof of Service filed with this Court." (ECF No. 9, PageID.32; ECF No. 4.)

Plaintiff's submission is not sufficient to demonstrate proper service. Certified mail, by itself, is not sufficient for proper service under

2

Federal Rule of Civil Procedure 4 nor Michigan law.[2] *Nieves v. Kiekert AG*, No. 20-11467, 2020 U.S. Dist. LEXIS 201606, at *7 (E.D. Mich. Oct. 29, 2020).

Plaintiff also states that she "attempted to serve Defendant by personal service" but that Defendant "avoided" personal service. (ECF No. 9, PageID.32.) The Court reviewed Plaintiff's motion for entry of default judgment and the proof of service filed by Plaintiff (ECF No. 3), but is unable to make a determination whether Defendant "avoided" personal service as Plaintiff has not provided any additional details or

---

[2] Federal Rule of Civil Procedure 4(h) states that a partnership may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant" or in the manner allowed by state law.

> Under Michigan law, service of process on a partnership may be made by:
>
> (1) serving a summons and a copy of the complaint on any general partner or agent for service of process; or
>
> (2) serving a summons and a copy of the complaint on the person in charge of a partnership office or business establishment and sending a summons and a copy of the complaint by registered mail, addressed to a general partner or agent for service of process at his or her usual residence or last known address.

Mich. Ct. R. 2.105(C).

context.[3] Further, Plaintiff did not move for alternative service upon Defendant.

Finally, Plaintiff alleges that Defendant is otherwise aware of the Complaint. (ECF No. 9, PageID.32.) However, a defendant's "full awareness that he has been sued makes no legal difference to the question whether he was properly served." *King v. Taylor*, 694 F.3d 650, 655–56 (6th Cir. 2012).

As set forth above, the Court finds that Plaintiff has not demonstrated that Defendant was properly served.

## II. Damages

Plaintiff's motion requests $45,000.00 in actual and compensatory damages, and attorney fees and costs. (ECF No. 9-1, PageID.35.)

With respect to determining the appropriate amount of damages when filing for default judgment, "[t]he allegations in the complaint . . .

---

[3] According to the proof of service document (ECF No. 3), process server Whitney Walters attempted to serve Defendant three times. On July 29, 2024, service was refused by "ALYSA, PROPERTY MANAGER." (*Id.* at PageID.13.) On July 30, 2024, service was again refused by Alysa, who "SAID THAT HER REFUSAL WAS AT THE INSTRUCTION OF JEREMY DANTZLER." (*Id.*) Finally, Walters attempted service on August 1, 2024, and she "ARRIVED AT 10:00 AM PER DANTZLER REQUEST, NO ONE WOULD ANSWER DOOR." (*Id.*) The proof of service document contains no other details, such as where these attempts were made and if Alysa would have been a proper person for service.

are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sc. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *see also* Fed. R. Civ. P. 55(b)(2). It is the "Plaintiff's burden to establish it is entitled to the damages it seeks." *Trustees of Iron Workers' Loc. No. 25 Pension Fund v. Quality Steel Fabricating & Erecting, Inc.*, No. 19-11127, 2021 WL 164549, at *2 (E.D. Mich. Jan. 19, 2021) (Michelson, J.) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).

Plaintiff has not provided any information, argument, or evidence as to why she is entitled to $45,000.00 in damages. As such, her motion must be denied.

### III. Local Rule 5.1

Finally, Plaintiff's motion does not comply with Eastern District of Michigan Local Rule 5.1(a)(2)–(3). This is Plaintiff's second time filing her motion for entry of default judgment. (*See* ECF Nos. 7, 9.) On September 9, 2024, the Court entered an order striking Plaintiff's first motion for entry of default judgment because it contained improper formatting (i.e., lacked page numbers, and margins were not at least one

inch on the top, sides, and bottom) in violation of Local Rule 5.1. (ECF No. 8.) In this order, the Court stated that "[t]he document must be refiled in full compliance with the applicable rule by September 20, 2024." (*Id.* at PageID.29.)

Plaintiff refiled the motion on September 10, 2024, but the motion still contains improper margins and lacks page numbers. (ECF No. 9.) Plaintiff's motion is not in full compliance with Local Rule 5.1.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion for entry of default judgment is DENIED WITHOUT PREJUDICE.

Plaintiff must properly serve Defendant or submit a motion for alternative service by **October 11, 2024**.

IT IS SO ORDERED.

Dated: September 16, 2024          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                        United States District Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 16, 2024.

                                                s/William Barkholz
                                                WILLIAM BARKHOLZ
                                                Case Manager