UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Spring Hill,

      Plaintiff,   Case No. 24-11500

v.           Judith E. Levy
            United States District Judge

Provident Asset Management,

            Mag. Judge Elizabeth A.
      Defendant.  Stafford

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [14] AND GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES [20]**

  Before the Court is Plaintiff's motion for default judgment (ECF No. 14) and motion for attorney fees. (ECF No. 20.) On January 30, 2025, the Court held a hearing, heard oral argument, and took testimony related to Plaintiff's motion for default judgment. For the reasons set forth below, Plaintiff's motion for default judgment (ECF No. 14) is granted and Plaintiff's motion for attorney fees (ECF No. 20) is granted in part.

## I. Default Judgment

Default judgment is governed by Federal Rule of Civil Procedure 55. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A default judgment may be entered by the clerk when a plaintiff's claim is for a sum certain – or a sum that may be made certain – and the defendant is neither a minor nor incompetent. Fed. R. Civ. P. 55(b)(1). In all other cases, the Court may conduct an accounting, determine the amount of damages, establish the truth of any allegations by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Determining whether to grant default judgment is within the sound discretion of the district court. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).

### A. Jurisdiction, Service, and Liability

Procedurally, "[i]n order to render a valid judgment, a court must have jurisdiction over the subject matter and the parties, and must act in a manner consistent with due process." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Antoine*, 66 F.3d at 105).

For the reasons set forth on the record, the Court finds that it has personal jurisdiction over Defendant, and that it was properly served.

Further, because a default has been entered, all of Plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted. *See Antoine*, 66 F.3d at 110. For the reasons set forth on the record, the Court finds that Plaintiff's well-pleaded allegations are "sufficient to support a finding of liability" against Defendant under the Fair Housing Act.[1] *Ford Motor Co.*, 441 F. Supp. 2d at 848.

### B. Damages

With respect to damages, "[t]he allegations in the complaint . . . are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sc. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *see also* Fed. R. Civ. P. 55(b)(2).

---

[1] Plaintiff alleges violations of the Fair Housing Act and Michigan's Persons With Disabilities Civil Rights Act ("PWDCRA"). (ECF No. 1.) However, Plaintiff's motion for default judgment only mentions her claims under the Fair Housing Act. (ECF No. 14, PageID.53.) As such, the Court assumes that Plaintiff waives her claims under the PWDCR.

Plaintiff did not submit evidence of damages with her motion. Instead, she requested that the Court take testimony at the hearing to determine the amount of damages to be awarded. (ECF No. 14, PageID.53.) At the hearing, Plaintiff testified by telephone that she is seeking $24,550.00 in damages to compensate her for economic and noneconomic damages. Specifically, Plaintiff sought reimbursement for the rent she paid when she lived in the dwelling without the requested accommodation, and for the humiliation and emotional distress she experienced.[2]

Based on Plaintiff's testimony, the Court finds that Plaintiff is entitled to a damages award of $20,000.00.

## II. Attorney Fees and Costs

Pursuant to 42 U.S.C. § 3613(c)(2), the Court "may allow the prevailing party . . . a reasonable attorney's fee and costs." Because

---

[2] At the hearing, Plaintiff described the difficulty of navigating the gravel parking lot due to her disability. For example, she fell in the parking lot and had trouble bringing groceries into her apartment. Plaintiff also testified that she was harassed or threatened by her neighbors due to their conflicts over the non-gravel parking spots, and alleged that she told Provident Asset Management about these encounters.

Plaintiff prevails in this Fair Housing Act case, the Court will award reasonable attorney fees and costs.

The Sixth Circuit has set forth the following criteria for determining reasonable attorney fees:

> A starting point is to calculate the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. (This is known as the "lodestar" calculation.) The court should then exclude excessive, redundant, or otherwise unnecessary hours.

*Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (cleaned up). Although there is a strong presumption that prevailing parties are entitled to a lodestar fee, *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000), the prevailing party "should submit evidence of the hours worked and the rates sought. If documentation of hours is inadequate, the district court may reduce the award accordingly." *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016). The party seeking fees has the burden of "documenting its work." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 617 (6th Cir. 2007). In determining attorney fees and costs, the Court has significant discretion, which is "entitled to substantial deference." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). "A district court may rely

on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Prop. and Cas. Ins. Co.*, 436 Fed. App'x 496, 499 (6th Cir. 2011).

In Plaintiff's motion for default judgment, she requests attorney fees and costs but she does not request a specific amount. (ECF No. 14, PageID.53.) In compliance with the Court's January 31, 2025 text-only order, Plaintiff filed a motion for attorney fees on February 5, 2025. (ECF No. 20.) In this motion, Plaintiff requests $8,085.20 in attorney fees and $441.50 in costs. (*Id.* at PageID.73.)

### A. Determining a reasonable rate for counsel

Hourly rates for counsel are set according to the "prevailing market rate in the relevant community," which in this case is the Eastern District of Michigan. *Adcock-Ladd*, 227 F.3d at 350 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). A reasonable fee is intended to "attract competent counsel yet [] avoid[] producing a windfall for lawyers." *Id.* at 349.

Plaintiff's counsel represents that her hourly rate is $410.00. (ECF No. 20, PageID.71.) She states that "[t]he fees requested are [her]

customary fees and generally in line with the prevailing rate in the community and [her] years of practice." (*Id.* at PageID.70.) However, she does not provide information on her years of practice or level of experience.

Plaintiff's counsel relies on the State Bar of Michigan's 2023 Economics of Law Survey Results. (*Id.*; ECF No. 20-1, PageID.77.) According to the Survey, the mean hourly billing rate for civil rights attorneys was $381.00. (*Id.* at PageID.84.) The Court finds that a rate of $381.00 per hour is appropriate in this case.

### B. Determining reasonable hours

Next, the Court must "calculate the number of hours reasonably expended on the litigation" and "exclude excessive, redundant, or otherwise unnecessary hours." *Wayne*, 36 F.3d at 531.

In performing a lodestar analysis, "[t]he district court . . . should exclude from [its] initial fee calculation hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "The party applying for an award of fees should exercise billing judgment with respect to hours worked." *Imwalle*, 515 F.3d at 552 (internal quotations omitted) (quoting *Hensley*, 461 U.S. at 437). "[T]he documentation offered

in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle*, 515 F.3d at 553. Courts may reduce requested fees when there are issues with excessive billing, inaccuracy, and vagueness. *Hensley*, 461 U.S. at 434 (holding that hours that are "excessive, redundant, or otherwise unnecessary" are not reasonable); *Imwalle*, 515 F.3d at 552 (requiring sufficient documentation of hours expended).

Here, a reduction of three hours is warranted.

First, Plaintiff's counsel requests attorney fees for "[d]raft[ing] and fil[ing] motion and brief for entry of default" for two hours on September 6, 2024. (ECF No. 20, PageID.72.) This appears to reference Plaintiff's motion for default judgment (ECF No. 7), which was stricken by the Court on September 9, 2024 for failure to comply with Local Rule 5.1(a). (ECF No. 8.) It would not serve the interests of justice for Defendant to pay Plaintiff for this filing. *See Mullin v. Butler*, No. 2:18-CV-00059, 2021 WL 6010756, at *2 (M.D. Tenn. Dec. 20, 2021).

Second, Plaintiff's counsel requests attorney fees for "fil[ing] entry of default" for one hour on September 6, 2024. (ECF No. 20, PageID.72.) It is unclear what this description refers to. Plaintiff filed a request for Clerk's entry of default on September 1, 2024, not September 6, 2024. (ECF No. 5.) Additionally, this entry does not appear to refer to her preparation and filing of her motion for default judgment because, as stated in the previous paragraph, another entry describes that work.

When requesting attorney fees, counsel's documentation of hours "must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle*, 515 F.3d at 553. As such, the September 6, 2024 entry for "file entry of default" is vague and will not be awarded.

Thus, Plaintiff's counsel's request for attorney fees will be reduced to 16.72 hours.

### C. Final calculation of attorney fees

For the reasons set forth above, the Court will award $6,370.32 in attorney fees.

### D. Costs

Finally, the Court considers the costs requested by Plaintiff's counsel. Pursuant to 42 U.S.C. § 3613(c)(2), the Court "may allow the prevailing party . . . a reasonable attorney's fee and costs."

Plaintiff's counsel requests $441.50 in costs. (ECF No. 20, PageID.73.) The Court finds that these expenses – the filing fee, payment for service, and parking for a hearing – are reasonable. Thus, the Court will award $441.50 in costs.

### III. Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's motion for default judgment (ECF No. 14) and GRANTS IN PART her motion for attorney fees. (ECF No. 20.) Judgment is entered in favor of Plaintiff and against Defendant in the amount of $20,000.00. Additionally, Defendant is directed to compensate Plaintiff for $6,370.32 in attorney fees and $441.50 in costs.

IT IS SO ORDERED.

Dated: February 7, 2025            s/Judith E. Levy  
Ann Arbor, Michigan             JUDITH E. LEVY  
                                        United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 7, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
