# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Spring Hill,

                Plaintiff,      Case No. 24-11500

v.                             Judith E. Levy
                                  United States District Judge

Provident Asset Management
LLC,                            Mag. Judge Elizabeth A. Stafford

                Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUESTS FOR AN ORDER TO SEIZE PROPERTY [26, 34], DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE [35], VACATING WRIT OF GARNISHMENT ENTERED ON JULY 17, 2025 [32], AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO ADD DEFENDANTS AND ENFORCE JUDGMENT [36]

Before the Court is Plaintiff's requests for an order to seize property (ECF Nos. 26, 34), motion for an order to show cause (ECF No. 35), and motion to add Defendants and enforce judgment. (ECF No. 36.)

On February 7, 2025, the Court granted Plaintiff's motion for default judgment (ECF No. 22) and entered a judgment in favor of Plaintiff against Defendant. (ECF No. 23.) Judgment was entered in

favor of Plaintiff and against Defendant in the amount of $20,000.00, and Defendant was directed to compensate Plaintiff for $6,370.32 in attorney fees and $441.50 in costs. (ECF No. 22, PageID.114.)

I. **Requests for an order to seize property (ECF Nos. 26, 34)**

Plaintiff's requests for an order to seize property are denied without prejudice. (ECF Nos. 26, 34.)

Regarding Plaintiff's first request (ECF No. 26), it is denied without prejudice because Plaintiff did not attach a properly completed request and order to seize property. Plaintiff is instructed to submit a new, properly completed request for the Court's signature.

Regarding Plaintiff's second request (ECF No. 34), it is denied without prejudice for several reasons. First, Plaintiff identifies "Jeremy Dantzler" as a Defendant whose property should be seized. But Jeremy Dantzler is not a Defendant in this case. Second, Plaintiff states that the order to seize property is "to be served by Washtenaw Co[]unty Sheriff." However, "only the United States Marshals Service may serve and execute on a writ of execution issued by this Court." *Trs. for Michigan Conf. of Teamsters Welfare Fund v. Alford*, No. CV 20-10459, 2025 WL 1774637, at *1 (E.D. Mich. May 14, 2025) (quoting *In re Hall*, 619 B.R.

2

199, 199–01 (Bankr. E.D. Mich. 2020)), *report and recommendation adopted,* No. 20-10459, 2025 WL 1798363 (E.D. Mich. June 26, 2025). As such, Plaintiff's request must be refiled and state that it is to be served by the United States Marshals Service.

## II. Motion for order to show cause (ECF No. 35)

Plaintiff filed a motion for an order to show cause "why Defendant/Garnishee Provident Asset Management should not be held in contempt and sanctioned for failure to comply with this Court's Writ dated July 17, 2025." (ECF No. 35, PageID.168.) The writ Plaintiff refers to is a writ for garnishment issued on July 17, 2025. (ECF No. 32.)

Plaintiff's motion for an order to show cause is denied and the writ is stricken for several reasons. First, the request for a writ for garnishment was not properly completed. The request was not dated and signed by Plaintiff's counsel. (*Id.* at PageID.158.)

Next, Defendant Provident Asset Management LLC is listed as both the Defendant and the Garnishee. (*Id.*) Plaintiff provides no explanation as to why this is appropriate for a writ of garnishment, nor is the Court able to find authority in support of listing Defendant as both the Defendant and the Garnishee.

3

Pursuant to Federal Rule of Civil Procedure 64(a), state law governs a party's remedies "for seizing a person or property to secure satisfaction of the potential judgment," unless a federal state applies. As such, the Court follows the laws of Michigan regarding post-judgment garnishment proceedings. *See Great Am. Ins. Co. v. E.L. Bailey & Co., Inc.*, No. 12-13033, 2016 WL 8229208, at *3 (E.D. Mich. Nov. 9, 2016), *report and recommendation adopted*, No. 12-13033, 2017 WL 528250 (E.D. Mich. Feb. 9, 2017).

Pursuant to Michigan law, "[g]arnishments generally involve three parties: (1) the 'plaintiff,' which is the judgment creditor; (2) the 'defendant,' which is the judgment debtor; and (3) the 'garnishee' which is the garnishee defendant." *Id.* (citing Mich. Ct. R. 3.101(A)(1)–(3)). Michigan law explains that courts have "power by garnishment" to apply certain property to the satisfaction of the judgment, and the property that may be garnished is the "[p]ersonal property belonging to the person against whom the claim is asserted but which is in the possession or control of a third person" and "[a]n obligation owed to the person against whom the claim is asserted if the obligor is subject to the judicial jurisdiction of the state." *Hairston v. LKU*, ___ N.W.3d ____, No. 166473,

2025 WL 1014229, at *4 (Mich. Apr. 4, 2025) (quoting Mich. Comp. Laws § 600.4011(1)(a)–(b)).

This demonstrates that Provident Asset Management, the Defendant in this case, cannot be both the Defendant and the Garnishee against whom a writ of garnishment is sought. Provident cannot be described as the third-person possessor of its own property. Further, Provident cannot be described as owing an obligation to itself.

In conclusion, Plaintiff's motion for an order to show cause regarding Defendant's failure to comply with the writ of garnishment (ECF No. 35) is denied because the writ of garnishment was improperly entered, and the writ of garnishment entered on July 17, 2025 (ECF No. 32) is vacated.

### III. Motion to add Defendants and Enforce Judgment (ECF No. 36)

Plaintiff requests that the Court add Depot Town Properties, LLC and Grand Portage, LLC as Defendants to this suit. (ECF No. 36, PageID.174.) According to Plaintiff in the motion, these two LLCs are "part-owners" of the property located at 708 Maus Street, which is the property where Plaintiff lived. (*Id*.) Plaintiff also represents that Jeremy Dantzler, the principal and owner of Defendant Provident Asset

5

Management, also owns Depot Town Properties. (*Id.* at PageID.174–175.) Plaintiff does not set forth any connection between Defendant and Grand Portage, LLC, other than the claim that Grand Portage, LLC is a co-owner of the 708 Maus Street property, which Defendant manages.

Michigan law governs these post-judgment seizure proceedings. Fed. R. Civ. P. 69(a)(1). Plaintiff argues that Michigan Comp. Laws § 600.6128 permits the Court to add Depot Town Properties and Grand Portage as Defendants "to adjudicate the respective interests of parties in property where the judgment debtor may have an interest that is disputed by another person, and to determine if property is wholly or in part the property of the judgment debtor." (ECF No. 36, PageID.176.)

Michigan Comp. Laws § 600.6128 "sets forth a simple procedure for joining third parties who possess property in which the judgment debtor may have an interest." *Presidential Facility, LLC v. Pinkas*, 607 F. App'x 473, 474 (6th Cir. 2015). In order to join the third parties, "[t]he creditor must present evidence that the judgment debtor 'may have' an interest in property held by a third party." *Id.*

Here, Plaintiff has not provided sufficient information pursuant to Michigan Comp. Laws § 600.61298. First, Plaintiff has not demonstrated

6

that the judgment debtor (Defendant) may have an interest in the property at 708 Maus Street. Defendant's connection to the property is that (1) it "receives management fees for managing the 708 Maus St. property," and (2) Defendant is owned by Dantzler, who also owns Depot Town Properties, LLC, which is a part-owner of 708 Maus Street. (ECF No. 35, PageID.174–175.) But Plaintiff does not explain how such allegations demonstrate that Defendant possibly has an interest in 708 Maus Street.

More crucially, Plaintiff has not presented any evidence of her allegations. Plaintiff's motion sets forth allegations about Defendant, Defendant's owner, and the two LLCs regarding their ownership, their relationship to each other, and their relationship to the 708 Maus Street, but does not provide any exhibits that demonstrate the truth of these claims. Although Plaintiff's burden to present evidence of the judgment debtor's interest is not "onerous," *see Presidential Facility*, 607 F. App'x at 474, Plaintiff has not presented any evidence at all.

In conclusion, Plaintiff's motion to add Defendants is denied without prejudice. (ECF No. 36.)

7

### IV. Conclusion

For the reasons set forth above, Plaintiff's requests for an order to seize property (ECF Nos. 26, 34) are DENIED WITHOUT PREJUDICE, Plaintiff's motion for order to show cause (ECF No. 35) is DENIED, the Writ of Garnishment entered on July 17, 2025 (ECF No. 32) is VACATED, and Plaintiff's motion to add Defendants and enforce judgment (ECF No. 36) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: October 16, 2025  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 16, 2025.

 s/William Barkholz
 WILLIAM BARKHOLZ
 Case Manager